# EXHIBIT A



**State of Delaware**
**Department of Elections**



October 26, 2018

Re: Request for Ruling on Simpler and Lavelle Campaign Finance Issues

Dear

By letter dated October 15, 2018, the Delaware Democratic Party requests a ruling on certain conduct in connection with the campaigns of Ken Simpler (for State Treasurer) and Greg Lavelle (for State Senator, 4th District). Specifically, your letter alleges and complains that each of these campaigns has violated campaign finance laws under Chapter 80 of Title 15 of the Delaware Code.

My jurisdiction under 15 *Del. C.* Ch. 80 does not extend to rulings on individual complaints; my jurisdiction to act upon the Democratic Party's complaint is limited to the issuance of rulings based on a specified set of facts pursuant to 15 *Del. C.* § 8041(2). Accordingly, I respond to the Democratic Party's request for a ruling using the allegations in its letter as a specified set of facts. Those allegations are set out below.

**The Foundation for Delaware's Future, LLC**

As of the date of the Democratic Party complaint, the Foundation for Delaware's Future, LLC (the "Foundation"), which is a duly registered political action committee, had not filed any third-party advertising reports the Democratic Party alleges are required by 15 *Del. C.* § 8031. The Democratic Party requests an opinion from me on whether the Foundation must file such report(s) to disclose the costs of its digital advertisement currently running on digital and cable platforms. The Democratic Party provided a copy of a screenshot of that advertisement (see Exhibit 1). Thus, the first issue on which the Democratic Party seeks a ruling is whether the advertisement constitutes a third-party advertisement.

"Third-party advertisement" is defined as an independent expenditure or an electioneering communication. 15 *Del. C.* § 8002(27). If the advertisement constitutes either an

https://ivote.de.gov

**State Election Commissioner**
905 S Governors Ave Ste 170
Dover DE 19904
Phone: (302) 739-4277

**New Castle County Office**
Carvel State Office Bldg
820 N French St STE 400
Wilmington DE 19801
Phone: (302) 577-3464

**Kent County Office**
100 Enterprise Pl Ste 5
Dover DE 19904
Phone: (302) 739-4498

**Sussex County Office**
119 N Race St
PO Box 457
Georgetown DE 19947
Phone: (302) 856-5367
STGP001 v1.1 7/7/2015

*October 26, 2018*
*Page 2 of 7*

independent expenditure or an electioneering communication, both of which are defined terms under Chapter 80, the person who makes the expenditure for the advertisement must file a "special" report of a third-party advertisement under 15 *Del. C.* § 8031.

Analysis of whether the advertisement is an independent expenditure is straightforward. An independent expenditure is defined as "any expenditure made by any individual or other person (other than a candidate committee or a political party) *expressly advocating the election or defeat of a clearly identified candidate*, which is made without cooperation or consultation with any candidate, or any committee or agent of such candidate, and which is not made in concert with, or at the request or suggestion of, any candidate or any committee or agent of such candidate." 15 *Del. C.* § 8002(13) (emphasis added).[1]

I conclude that the advertisement at issue does not constitute an independent expenditure because nowhere does it advocate for the election of Ken Simpler. It simply asks the reader to call Ken Simpler. Thus, I need not address the coordination issue and advise that the Foundation is not required to file a report of a third-party advertisement on the ground that the advertisement the Democratic Party describes is an independent expenditure. That finding, however, does not end the analysis.

The next issue is whether the advertisement constitutes an electioneering communication. An electioneering communication is defined in relevant part as a communication that refers to a clearly identified candidate that is publicly distributed within 60 days of a general election. 15 *Del. C.* § 8002(10)a. Unlike an independent expenditure, an electioneering communication need not expressly advocate for the election or defeat of a candidate to be reportable, and coordination is not part of the analysis; the timing of the communication is the central inquiry. The Democratic Party alleges that the Foundation is publicly airing the advertisement within 60 days of the general election and I accept this as a fact for the purposes of this ruling. Thus, the sole issue raised under the facts that the Democratic Party alleges is whether the advertisement refers to Ken Simpler as a clearly identified candidate.

"Clearly identified candidate" is defined to mean "that the name, a photograph or a drawing of the candidate appears or the identity of the candidate is otherwise apparent by unambiguous reference." 15 *Del. C.* § 8002(5). The advertisement indeed contains the name and photograph of Ken Simpler and the identity of Ken Simpler is also apparent by unambiguous

---

[1] The United States Supreme Court has ruled that the First Amendment would allow the regulation of express advocacy defined to include not only the *Buckley v. Valeo* "magic words" but also their functional equivalent. *McConnell v. FEC*, 540 U.S. 193, 206 (2003); *FEC v. Wisconsin Right to Life*, 551 U.S. 449, 474 n.7 (2007). *See* 11 C.F.R. § 100.22(b). Delaware's statute and regulations are not written to reach the functional equivalent of express advocacy. 15 *Del. C.* § 8002 (13); 15 DE Admin Code 100 Campaign Finance Regulations, Section 2.

*October 26, 2018*
*Page 3 of 7*

reference.[2]  Moreover, settled case law from the United States Supreme Court establishes that states may regulate **disclosure** of speech that is not express advocacy without violation of the First Amendment of the United States Constitution.[3]

Under the facts the Democratic Party alleges, the Foundation's advertisement was publicly aired within 60 days of the November 6, 2018 general election and so it constitutes an electioneering communication under 15 *Del. C.* § 8002(10)a.  Additionally, under the facts the Democratic Party alleges, the cost of the advertisement exceeded $500.00 and therefore the Foundation was required to file a special report within 24 hours after the expenditure was made.[4] 15 *Del. C.* § 8031.

The Delaware Campaign Finance Reporting System reflects that the Foundation filed two third-party advertisement reports on October 19, 2018 and one third-party advertisement report on October 22, 2018.  The remaining issues, therefore, are whether the Foundation reports were timely and accurate.

The Foundation has responded to both of these allegations.[5]  As to timeliness, while denying that the Foundation was legally required to file third-party advertisement reports at all, the Foundation concedes that it did file the reports well after the 24-hour filing deadline imposed by 15 *Del. C.* § 8031(d).  The Foundation contends, however, that it supplied the information required by Section 8031 when it filed its 30-day report under 15 *Del. C.* § 8030 on October 8 and that, therefore, the October 8 report is the functional equivalent of a 30-day report. Moreover, the Foundation requests that I waive the fines imposed under 15 *Del. C.* § 8044.  I respond to the Foundation's request and contention separately.

---

[2] Case law from other jurisdictions applying language that is identical to the language of Section 8002(5) have concluded that an advertisement clearly identifies a candidate if the subject of the advertisement is publicly identified as a candidate by the target audience for the advertisement.  *Comm. for Justice & Fairness v. Arizona Sec'y of State's Office*, 332 P.3d 94 (Ct. App. 2014); *Hispanic Leadership Fund, Inc. v. Fed. Election Comm'n*, 897 F. Supp. 2d 407 (E.D. Va. 2012)

[3] *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449 (2007); *Citizens United v. FEC*, 558 U.S. 310 (2010); *See also Delaware Strong Families v. Attorney General of Delaware*, 793 F.3d 304, 308 (3rd Cir. 2015)(*cert. denied* 136 S. Ct. 2376 (2016)) ("Any possibility that the Constitution limits the reach of disclosure to express advocacy or its functional equivalent is surely repudiated by *Citizens United v. FEC...*")

[4] 15 *Del. C.* § 8031(d) and 15 Del. Admin. Code § 100.9.1.5 read in pertinent part: "For purposes of this section, an expenditure shall be deemed to be made on the date it is paid or obligated, whichever is earlier."  16 DE Reg. 771 (01/01/13).

[5] The Foundation and First State First requested, and I granted, permission to respond to the Democratic Party's complaint.  These entities responded on October 23, 2018.

By not legislating a "grace" period that excuses the filing of special reports under Section 8031 within a certain timeframe (e.g. five days) of the filing deadlines for the 8 and 30 day reports under Section 8030, the General Assembly has clearly spoken with respect to the 24-hour filing deadline for special reports. Therefore, I do not agree that a 30-day report serves as the functional equivalent of a third-party advertisement report. I do agree, however, on a one-time basis, to waive the fines associated with the Foundation's tardy third-party reports, provided that the filed reports are accurate and complete. Please be advised that I will not waive any fines for the Foundation for third-party advertisement reports that must be filed in the future.

Since the Foundation did not file the reports until after the Democratic Party made its October 15, 2018 complaint, I have no set of facts on which to opine whether the reports were accurate. The Foundation alleges in response to the complaint by the Democratic Party that its 30-day report accurately reported the costs of its advertisement incurred to date. I am authorized to issue a ruling only upon a specified set of facts; I cannot resolve factual differences in this procedural posture. I direct the attention of the Democratic Party to 15 *Del. C.* § 8031(d) ("For purposes of this section, an expenditure shall be deemed to be made on the date it is paid or obligated, whichever is earlier.") to confirm that the three filed reports are filed in response to the Simpler ads at issue.

**Ken Simpler**

The Democratic Party's complaint against Ken Simpler is twofold. First, the Democratic Party alleges that Ken Simpler acted improperly when he linked the Foundation advertisement to his social media account on Facebook because that linkage necessarily required state employees of the Treasurer's Office to engage in electioneering on state time. A copy of the Facebook entry with a screenshot of the Foundation advertisement is attached as Exhibit 2. Second, the Democratic Party alleges that Ken Simpler's use of the advertisement changed the nature of the advertisement to something other than issue advocacy. I do not agree with either contention.

The concern about pressing state employees into the service of the Simpler campaign is speculative, especially given the Foundation's representation that no one has called the State Treasurer's office in response to the advertisement. The propriety of the practice of instructing voters to call government employees during their work hours is beyond the scope of this ruling.

The charge that linkage of the Foundation advertisement to the Simpler campaign converts the advertisement into something other than unregulated issue advocacy mischaracterizes the advertisement. The Foundation advertisement is an electioneering communication and must be reported as such. Thereafter, if the candidate clearly identified in

*October 26, 2018*
*Page 5 of 7*

the electioneering communication, which has been properly reported, or anyone else for that matter, uses the advertisement, the advertisement remains a disclosed electioneering communication and the purpose of the campaign finance laws – public disclosure – has been furthered.

**First State First and Senator Greg Lavelle**

The Democratic Party alleges, and I accept as true for the purposes of this ruling, that Greg Lavelle coordinated with First State First, a political action committee of which Senator Lavelle is the treasurer, to produce and publicly distribute mailings about Senator Lavelle. Copies of the mailings are attached as Exhibit 3. The mailings each tout Senator Lavelle's accomplishments as state senator and invite the reader to contact the Senator via his Senate-assigned phone number at his office in Legislative Hall to thank him. The Democratic Party contends that these mailings constitute third-party expenditures subject to 15 *Del. C.* § 8031. I disagree.

The discussion above regarding State Treasurer Ken Simpler is fully applicable here. An expenditure qualifies as an "independent expenditure," and is reportable, if it "expressly advocate[s] the election or defeat of a clearly identified candidate. . ." 15 *Del. C.* § 8002(13). Like the Foundation advertisement, the First State First mailings do not expressly advocate for the election or defeat of any candidate. The Delaware statute does not require disclosure of the speech contained in the First State First mailings on the ground that the speech is an independent expenditure. The remaining analysis regarding the Foundation's advertisement, however, is directly applicable to the First State First mailings as well.

Just as the Foundation's advertisement constitutes an electioneering communication as defined by 15 *Del. C.* § 8002(10)a, so too do the First State First mailings. The mailings refer to a clearly identified candidate because they contain the name, photograph and the identity of a candidate made apparent by unambiguous reference. *Id.* Accordingly, if the mailings otherwise qualify as third-party advertisements, including the cost provisions contained in 15 *Del. C.* § 8031,[6] the cost of the mailings is an expenditure for a third-party advertisement, and must be reported as such.

---

[6] Section 8031 provides that expenditures that cause the aggregate amount of expenditures for third-party advertisements made by the advertiser to exceed $500 must be reported as third-party advertisement. The Democratic Party makes no factual allegation as to the cost of the mailings.

*October 26, 2018*
*Page 6 of 7*

The records of the State Election Commissioner reflect that First State First filed third-party advertisement reports on September 19, 2018, September 25, 2018, and October 4, 2018. The Democratic Party's complaint does not allege that First State First did not timely file accurate third-party advertisement reports. I conclude, therefore, that on the facts that the Democratic Party alleges, First State First did not violate Delaware law.

**The Response of the Foundation for Delaware's Future and First State First**

Many of the points that the Foundation and First State First raised in their response are addressed above. There are, however, several additional points in the response that warrant comment.

First, the Foundation and First State First rely on a Delaware Attorney General's Opinion from 2000 to support their contention that the advertisement and mailings at issue cannot be regulated because they constitute issue advocacy. While the Attorney General's Opinion they cite largely remains good law, it must be read in conjunction with changes to the Delaware statutes and regulations. As the Foundation and First State First acknowledge, the General Assembly rewrote Delaware's campaign finance laws in 2012. The changes include defining electioneering communications and required that such communications be disclosed in special reports. 15 *Del. C.* §§ 8002(10)a and 8031. The Attorney General's Opinion simply did not opine upon the constitutionality of regulating the disclosure of electioneering communications.[7]

Second, the Foundation and First State First rely upon *FEC v. Wisconsin Right to Life, Inc.,* 127 S. Ct. 2652 (2007) ("*WRTL*"), to support their view that the advertisement and mailings at issue cannot be regulated because they constitute issue advocacy. (Response at Page 1, note 1). That reliance is misplaced. *WRTL* addressed the constitutionality of criminalizing **payment** for electioneering communications and therefore does not apply to the **disclosure** provisions at issue here. The United States Supreme Court has uniformly drawn a clear distinction between **banning** electioneering communications and **requiring disclosure** of communications beginning with *Buckley v. Valeo*, 424 U.S. 1, 64 (1976) and most recently in *Citizens United v. FEC*, 558 U.S. 310, 366-371 (2010). Very recently, the Third Circuit recognized this distinction in *Delaware Strong Families v. Attorney General of Delaware*, 793 F.3d 304, 308 (3rd Cir. 2015)(*cert. denied* 136 S. Ct. 2376 (2016), writing, "Any possibility that the Constitution limits the reach of disclosure to express advocacy or its functional equivalent is surely repudiated by *Citizens United v. FEC...*"

---

[7] In footnote 2 of the Foundation and First State First's response, they write that the Democratic Party's complaint's use of the term "electioneering materials" appeared to mean the Democratic Party was alleging that the advertisement and mailings constituted "express advocacy." I understand the Democratic Party to be complaining that the advertisement and mailings constitute electioneering communications.

October 26, 2018
Page 7 of 7

**Conclusion**

I trust that the analysis above addresses all issues raised in the complaint of the Democratic Party and the response by the Foundation and First State First, to the extent possible in a ruling pursuant to 15 Del. C. 8041(2).  That said, I wish to add a comment on the practices at issue.

Senator Lavelle attempts, through the action of a PAC he controls, to finely parse the legal difference between "issue" advocacy" and "express advocacy".  By carefully never saying "vote for" but substituting his picture, name and title, most voters would never understand the difference.

While I believe that his use of the mailings at issue steps right up to the legal line and the distinction in the statute, I reluctantly conclude his use of electioneering communications to support his own campaign does not step over the line and is technically permitted 15 *Del. C.* Ch. 80.  In my view, however, though legal, the practice is not consistent with the spirit of the law intended to promote transparency, fairness and clarity for voters and the election process.

Very truly yours,

Elaine Manlove
State Election Commissioner

Cc Pursuant to 15 *Del. C.* § 8041(2):
Governor John C. Carney
Attorney General Matt Denn
Erik Raser-Schramm, Chairman, Delaware Democratic Party
Michael Harrington, Sr., Chairman, Delaware Republicans Party
David McCorquodale, Green Party
Sean Goward, Libertarian Party

EXHIBIT 1 - 2

 **Ken Simpler for Delaware**
Sponsored · Paid for by The Simpler Campaign, LLC · 🌐

To learn more about Ken's accomplishments, finance background and vision for his home state visit KenSimpler.com

Support State Treasurer Ken Simpler on November 6th!
#LetsMakeItSimpler



PAID FOR BY FIRSTSTATEFIRST PAC
500 WHITBY DRIVE | WILMINGTON, DE 19803
18-LAV-003

*EXHIBIT 3*

T18 B25 P1 S 5102 ························ECRLOT**C 019

PRESORT
STANDARD
US POSTAGE
**PAID**
ASSOCIATES
INTERNATIONAL
INC



State Senator

# GREG LAVELLE
## IS LEADING THE FIGHT TO PROTECT TAXPAYERS & REFORM DOVER.

**STOPPING AN INCOME TAX INCREASE | STANDING UP TO THE CAREER POLITICIANS OPPOSING LEGISLATIVE PAY RAISES**

Case 1:26-cv-00445-UNA    Document 5-1    Filed 04/17/26    Page 11 of 11 PageID #: 79

## State Senator
# GREG LAVELLE
## STANDS UP FOR TAXPAYERS

**GREG LAVELLE** is a businessman with real-world skills he uses every day to make sure taxpayers can keep more of what they earn.

He's also Delaware's leading voice for government reform – to help stop Dover from wasting our money.

 **Helped stop an income tax increase** on working families.

**Protected homeowners** by preserving tax deductions for mortgage interest.

**Led the fight against unethical pay raises for legislators** and has returned over $43,000 in raises to local charities.

 **Passed a Constitutional Amendment to stop politicians from raiding the Transportation Trust Fund** and ensure money is spent on infrastructure, as promised.

**HOCKESSIN CommunityNews** *August 2013*

DELAWARE SENATOR GREG LAVELLE AGAIN DONATES PAY RAISE TO CHARITY; CALLS FOR REFORM OF LAWMAKERS' SALARY HIKES

**Call Greg Lavelle** at 302-744-4135 and thank him for protecting your money!